UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NO.: 2:23-cv-903

DIVISION: "

DARRIN JACKSON

VERSUS

KENNETH R. CARTER, SENTRY INSURANCE COMPANY, and XYZ INC.

**DEFENDANTS NOTICE OF REMOVAL**

TO: The Honorable Judges of the
United States District Court for the
Eastern District of Louisiana

PLEASE TAKE NOTICE that pursuant to 28 U. S. C. 1332, 1441 AND 1446, the defendants named herein, Kenneth R. Carter (Carter), and Sentry Select Insurance Company, (Sentry), defendants in the proceeding entitled *"Darrin Jackson versus Kenneth R. Carter, and XYZ, Inc.,* pending in Division A of the Civil District Court for the Parish of Orleans, State of Louisiana, and bearing docket number 2022-09318, hereby remove this proceeding to the United States District Court for the Eastern District of Louisiana.

A copy of this Notice of Removal is being served upon Eric A. Wright, 201 St. Charles Avenue 3206, New Orleans, Louisiana, 70170, as counsel of record for plaintiff, and a copy of said Notice of Removal is being filed with the Clerk of Court for the Civil District Court of the Parish of Orleans, State of Louisiana, in conformity with 28 U.S.C. 1446 (d). Defendants appear for the purpose of removal only and for no other purpose and, reserving all rights and defenses, state as follows:

1

1.

On October 5, 2022 plaintiff, Darrin Jackson, filed a petition for damages captioned "Darrin Jackson v. Kenneth R. Carter, Sentry Insurance Company and XYZ, Inc., pending in division A of the civil District Court for the parish of Orleans, state of Louisiana, which said (The Petition is attached hereto as Exhibit A). Contemporaneous with the filing of the petition the plaintiff also filed a Request for Notice of Trial and Signing of Judgment on October 5, 2022. (See Request for Notice attached as Exhibit B). On October 10, only 22, the clerk issued citation to the two identified defendants (Carter and Sentry, as per exhibits C).

2.

Subsequently, plaintiff failed to serve the defendants and on January 10, 2023, Declinatory Exceptions for lack of personal jurisdiction and failure of service, were filed on behalf of both of the specifically named defendants. (Exhibit D). Immediately thereafter an affidavit of long arm service on defendant Carter was filed by the plaintiff on January 12, (Exhibit E) and on that same date, plaintiff filed a letter with the clerk of court requesting service on defendant Sentry through the Louisiana Secretary of State. (Exhibit F). On January 12, 2023, the clerk issued citation and service to Sentry Exhibit G), and on January 13, 2023, an answer was filed by defendant Carter. (Exhibit H). Sentry waived service and appears herein through undersigned counsel.

3.

Accordingly, plaintiff seeks recovery of damages resulting from a motor vehicle accident. The nature of this action is more fully set forth in the attached petition for damages (Exhibit A).

## BASIS FOR REMOVAL

4.

Removal is proper because there is complete diversity between the parties, and the amount in controversy exceeds $75,000, excluding interest and costs. 28 U.S C. 1332 (a).

## COMPLETE DIVERSITY BETWEEN THE PARTIES

5.

Per the allegation at the time of filing of said petition and now, plaintiff is alleged to be a person of the full age of majority and domiciled in the Parish of Jefferson, and therefore, is a citizen of the State of Louisiana for diversity purposes.

6.

Defendant, Carter, was and now is a resident of, and domiciled in Greenville, Alabama, and therefore, is a citizen of the State of Alabama for purposes of diversity.

7.

Defendant, Sentry, was, at all times, a stock company domiciled in Stevens Point, Wisconsin, and is a foreign insurer authorized to do and doing business within the state of Louisiana. As such, Sentry is a citizen of the State of Wisconsin for purposes of diversity.

8.

In addition, the plaintiff has identified, in the petition, defendant "XYZ, Inc., as the employer of defendant Carter. In this regard, defendants suggest that, at all times, the defendant Carter was under dispatch for TVS, Inc., doing business as Deep South Freight, and that said TVS, Inc., is domiciled in and has its principal place of business in Birmingham, Alabama, and is therefore, a citizen of the state of Alabama for diversity purposes. TVS, Inc., doing business as Deep South Freight waives service and appears herein through undersigned counsel along with its driver, Mr. Carter, and its insurer, Sentry.

9.

At all times, all of the defendants named herein are represented by undersigned counsel and have consented to appear in this action by filing of this Notice of Removal. Accordingly, all defendants whose consent is required have consented to this removal.

## AMOUNT IN CONTROVERSY AND TIMLINESS OF REMOVAL

10.

Removal of this matter is proper because the amount in controversy exceeds $75,000 exclusive of interest and costs. 28 U.S.C. 1332 (a).

11.

According to the allegations of the petition the plaintiff seeks recovery of damages for bodily injuries that plaintiff alleges to have sustained in a motor vehicle accident that allegedly occurred on December 3, 2021. The nature of this action is more fully set forth in the attached petition. Plaintiff did not allege an amount in controversy but indicated in paragraph nine of the petition, that plaintiff was seeking damages for "pain and

4

suffering, mental anguish and suffering, past and future medicals, past and future loss of wages, property damage, and any and all other damages that may be proven at the trial of this matter." Thus, the plaintiff's petition does not affirmatively reveal on its face that plaintiff is seeking damages in excess of the minimal jurisdictional amount of this Court.

12.

On January 13, 2023, defendants propounded interrogatories and requests for production of documents to the plaintiff. Plaintiff served his responses on the defendant on Friday, January 20, 2023. Within the documents produced in conjunction with the plaintiff's responses to the requests, plaintiff provided copies of medical bills and invoices which total $52,937. (See medical bills attached as Exhibit I in globo). A review of those exhibits reveal that the charges result from multiple procedures performed on the plaintiff by "Spine and Scoliosis Specialists", during the year 2022. These procedures include an MRI scan of the cervical spine indicating disc herniation at C3-4, with bulges at C4-5 and C6-7. In addition, an epidural steroid injection was noted to have been performed on the plaintiff dated October 12, 2022, at two levels in the cervical region, followed by a second epidural steroid injection on that same date in the lumbar region at two levels. Subsequently, additional lumbar epidural steroid injections were performed on December 15, 2022.

13.

Removal of this matter is timely pursuant to 28 U.S.C. 1446 (b)(3), which states "if the case stated by the initial pleading is not removable, a notice of removal may be filed

within 30 days after receipt by the defendants, through service or otherwise, a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained with the case as one which is or has become removable."

14.

This case was not initially removable because it was not apparent from the plaintiff's petition that the amount in controversy exceeded $75,000. Defendants first received an "other paper" from which it could first be ascertained that the case is removable when it received plaintiff's discovery responses as referenced above on January 20, 2023.

Additionally, a review of the petition for damages filed by the plaintiff indicates that, in paragraph nine, the plaintiff is seeking not only damages for the medical bills referenced above, but in addition, is seeking damages for pain and suffering, mental anguish and suffering, future medicals, past and future loss of wages, as well as property damages. In addition, in paragraph 11 of the petition for damages, plaintiff pleads for recovery of "all expenses incurred by petitioner" to be taxed as costs.

In this regard, defendants suggest that there is ample evidence supporting that the value of the plaintiff's claims exceeds $75,000. In the matter of *Thomas v. Allstate*, 2022 WL1565424, (E.D. LA. 2022), the court determined that, factually, the amount in controversy exceeded the $75,000 threshold even where the plaintiff attempted to stipulate damages less than $75,000 in order to prevent removal. Likewise, in *Brown v Protective Insurance Company*, 2020 WL 3604229 (E. D. La. 2020), the court determined that "When, as here, the plaintiff has alleged an indeterminate amount of damages in the Complaint, the Fifth Circuit requires the removing defendant to prove by

a preponderance of the evidence that the amount in controversy exceeds $75,000. A defendant satisfies this burden either "(1) by demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) by setting forth facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount. The amount of an offer in a "settlement letter is valuable evidence to indicate the amount in controversy at the time of removal. However, that amount is not necessarily "determinative" of the amount in controversy.

Therefore, this matter is filed within 30 days of receipt of those discovery responses and, therefore, the removal herein is timely.

15.

Venue is proper in this district under 28 U.S.C. 1441(a), because the state court where this suit was pending is located within this judicial district.

16.

This action is removable under and by virtue of the acts of Congress of the United States and the defendant desires to remove it to this Court.

17.

Pursuant to 28 U.S.C. 1446(a), defendants file herewith copies of all available processes, pleadings, and orders served upon the defendant's.

WHEREFORE, Carter, Sentry, and TVS, Inc., doing business as Deep South Freight, ask that the above-captioned District Court for the Eastern District of Louisiana, all in accordance with the provisions of 28 U.S.C. 1441, et seq.

Respectfully submitted,

/Scott G. Jones/

---

SCOTT G. JONES, #14408
1414 Gause Blvd., Suite 8
Slidell, Louisiana 70458
(985)645-9171

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record, by electronic mail, this 11th day of March 2023.

Scott G. Jones